**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASAUN THURSTON LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| CITY OF CHICAGO AND  OFFICER | ) | |
| WAYNE W. OZMINA (STAR # 6579), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Jury Demand |

**COMPLAINT**

**NOW COMES** the Plaintiff, JASAUN T. LANE, by counsel Jon Erickson, complaining

against the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER WAYNE W.

OZMINA (STAR # 6579), as follows:

**INTRODUCTION**

1.      This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of

Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C.

§§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and

pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**VENUE**

3.      Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this

judicial district and the events described herein all occurred within this district.

**THE PARTIES**

4.      The Plaintiff, JASUAN T. LANE is a resident of the Northern District of Illinois.

5.      Defendant CITY OF CHICAGO is a municipal corporation duly incorporated in

the state of Illinois and is the employer of Defendant WAYNE W. OZMINA (STAR # 6579),

6.      Defendant OFFICER OZMINA (STAR # 6579), was at all relevant times a duly appointed Chicago Police Officer and at all relevant times, was acting within the scope of his employment and under color of law.

## FACTS

8.  On May 8, 2025, at approximately 10:00 p.m., Plaintiff Jasuan Lane ("hereinafter "Lane") was standing at a Archer and Neva CTA Terminal at 7114 W. Archer Avenue, Chicago, waiting for a bus.

9.  18-year-old Lane was on his way home from his late-shift job at FedEx; Lane was not violating any laws.

10. At that time, Lane, who suffers from anxiety disorder and ADHD, saw lights from a flashlight and began to run to safety.

11. At 5413 S. Nordica Avenue, Lane realized he was being chased by Chicago Police Officers, including Defendant Officer Ozmina, and stopped running and raised his hands in surrender.

12. While standing with his arms raised, palms forward and fingered splayed, Defendant Officer Ozmina gratuitously tackled Lane to the ground.

13. As a result of the unwarranted tackle, Lanes' left pinky finger was seriously injured.

14. While Lane was pinned to the ground , in custody and secured by Defendant Offier Ozmina and other Chicago Police Officers, Defendant Officer Ozmina put Lane in a chokehold by shoving his forearm into Lane's neck and applying pressure and weight cutting of oxygen to Lane.

15. Lane repeatedly told Defendant Officer Ozmina that he couldn't breathe.

16. While Lane was on the ground, in custody and secured by Defendant Officer Ozmina and others, Defendant Officer Ozmina removed his service weapon and shoved the barrel into Lane's chest. Defendant Officer Ozmina held the gun to Lane's chest and applied pressure

for a prolonged period of time; this caused a visible, circular red mark and bruise on Lane's chest.

17. As a result of Defendant Officer Ozmina's use of force, Lane suffered multiple injuries about his body.

18. Defendant Officer Ozmina then placed Lane in handcuffs and placed him under arrest.

19. Defendant Officer Ozmina then conducted a "show-up" with negative results.

20. Despite the negative identification, Defendant Officer Ozmina kept Lane in custody, handcuffed in the back seat of a CPD squad car for over two hours.

21. Duringn this time, Lane repeatedly told Defendant Officer Ozmina that the handcuffs were too tight; Lane suffered injuries to his wrist because of Defendant Officer Ozmina's refusal to adjust the handcuffs.

22. Defendant Officer Ozmina knew he did not have probable cause to detain Lane.

## COUNT I - FOURTH AMENDMENT – EXCESSIVE FORCE

23. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

24. The actions of the Defendant as set forth hereto constitute a violation Plaintiff right pursuant to her 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

25. The actions of Defendant Ozmina as set forth herein constitute excessive force.

26. Said actions of Defendant Ozmina were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

27. Said actions of the Defendant Officer were objectively unreasonable under the circumstances.

28. As a direct and proximate consequence of the Defendant Ozmina's conduct, Plaintiff suffered damages, including without limitation violations of her constitutional rights, emotional distress, physical injuries, pain and suffering and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Ozmina for an

award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II – FOURTH AMENDMENT – UNLAWFUL SEIZURE

29. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30. The actions of the Defendant as set forth hereto constitute a violation Plaintiff right pursuant to her 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

31. Defendant Officer Ozmina knowingly detained Plaintiff without probable cause.

32. Defendant Officer Ozmina detained Lane unnecessarily and unrelated to legitimate law enforcement needs.

33. Said actions of Defendant Ozmina were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

34. As a result of Defendant Officer Ozmina's actions as set forth hereto, the Plaintiff suffered emotional and physical damages.

WHEREFORE, the Plaintiff prays for judgment against Defendant Ozmina for an award of reasonable compensatory and punitive damages, plus costs.

## COUNTY III – BATTERY (State Claim)

35. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

36. Defendant Ozmina knowingly and without legal justification caused bodily harm to Lane.

37. Defendant Ozmina's contact with Lane was unauthorized and constituted an offensive touching.

38. Defendant Ozmina's conduct was malicious, willful and wanton.

39. As a direct and proximate cause of the conduct of Defendant Ozmina, Lane suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Ozmina for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV – INDEMNIFICATION (745 ILCS 10/9-102)

40. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein

41. At all relevant times, Defendant City of Chicago was the employer of Defendant Officer Oxmina.

42. Defendant Oxmina committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

43. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

44. As a proximate cause of Defendant Oxmina's unlawful acts, which occurred within the scope of his employment, Plaintiff was injured.

**WHEREFORE**, should any and all individual Defendant Officers be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chciago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT V—*RESPONDEAT SUPERIOR*

45. Each of the paragraphs above is incorporated by reference as though fully stated herein.

46. In committing the acts alleged in the preceding paragraphs, Defendant Officer Ozmina was an agents of the Village of Robbins and were acting at all relevant times within the scope of their employment and under color of law.

47. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Defendant Officers Ozmina be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant

City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon F Erickson

Erickson Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Telephone: (773)875-4646
Email: JonEricksonLaw@gmail.com